

|  |  |
|---|---|
| **Daniel M. Silver**<br>Wilmington Office Managing Partner<br><br>T. 302-984-6331<br>F. 302-691-1260<br><br>dsilver@mccarter.com | McCarter & English, LLP<br><br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801-3717<br><br>www.mccarter.com |

August 3, 2023

**VIA CM/ECF**

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   <u>*Astellas Pharma Inc. v. Lupin Ltd.*</u>, C.A. No. 23-819-GBW

Dear Judge Williams,

I write on behalf of the Plaintiffs ("Astellas") in the above-referenced action in response to Zydus's Notice of Related Case (D.I. 7). Prior to filing this action, counsel for Astellas considered carefully Local Rule 3.1(b), and determined that the above-referenced action is not a "related case" within the meaning of Local Rule 3.1(b) to C.A. No. 20-1589-JFB-CJB (Consolidated) (the "-1589 Case") or the even-earlier-filed (and closed) C.A. No. 16-905-JFB-CJB (Consolidated) ("-905 Case").

The -1589 Case concerned U.S. Patent No. 10,842,780 (the "'780 Patent"). Astellas initially asserted the '780 Patent against numerous defendants, but by the time of trial, in February 2023, only defendants Lupin, Sandoz and Zydus remained. The issues presented at trial related to the infringement of a single limitation concerning specific dissolution properties of the defendants' respective ANDA products, and defendants' various Section 112 invalidity defenses. Following a five-day trial, and after the submission of approximately 300 pages of post-trial submissions, Judge Battalion declared the '780 Patent invalid on Section 101 grounds – an issue neither raised nor briefed by any party. That decision is now on appeal to the United States Court of Appeals for the Federal Circuit.

The above-referenced action concerns U.S. Patent No. 11,707,451 (the "'451 Patent"). The '451 Patent is different from the '780 Patent. The '451 Patent is a member of a different patent family and thus has a different specification and different claim limitations than the '780 Patent. Notably absent from the '451 Patent are the specific dissolution limitations that were the subject of the prior infringement dispute and trial. Accordingly, there is no overlap between the infringement and invalidity issues tried in the -1589 Case and this case.

In view of the foregoing, we do not believe the cases: (a) "Arise from the same or substantially identical transactions, happenings, or events as the case at bar" (L.R. 3.1(b)(1)); or (b) "would entail substantial duplication of labor if heard by different judges (L.R. 3.1(b)(4)), particularly because each patent constitutes its own cause of action, and here, the infringement and invalidity analyses differ substantially between the '780 Patent and '451 Patent. Moreover, Local Rule 3.1(b)(3) is not applicable, because the cases do not involve the same patent or trademark. And

finally, while Local Rule 3.1(b)(2) refers to cases involving the same or substantially the same parties, given the nature of Hatch-Waxman litigation and that Hatch-Waxman Plaintiffs and Defendants are repeat litigants, often with many cases pending at once in this Court, it is not appropriate or practical for such otherwise unrelated cases to be deemed related to dismissed cases based solely on the identity of the parties.[1]

Finally, it bears noting that the filing of a Notice of Related Case nearly a week after the filing of this case and after the assignment of a presiding Judge calls into question the random assignment procedure employed by the Court.[2]

For all of these reasons, Astellas respectfully submits that this action is not related to the -1589 Case or the -905 Case, and was therefore appropriately randomly assigned pursuant to the Court's standard procedure.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)

---

[1] The same reasoning applies with regard to the -905 Case (and all cases consolidated into it).  That case involved infringement actions related to polymorph and other patents (including U.S. Patent Nos. 6,346,532, 7,342,117, 7,982,049, 8,835,474, RE44,872), which are not at issue here. Moreover, the -905 Case closed nearly three years ago after the remaining parties settled before trial.

[2] For the avoidance of doubt, the filing of this action was reported in common reporting services, such as DocketNavigator and Courthouse News Service.