

| | |
|---|---|
| **Daniel M. Silver** | McCarter & English, LLP |
| Wilmington Office Managing Partner | Renaissance Centre |
| T. 302-984-6331 | 405 N. King Street, 8th Floor |
| F. 302-691-1260 | Wilmington, DE 19801-3717 |
| dsilver@mccarter.com | www.mccarter.com |

March 12, 2024

**VIA CM/ECF**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *Astellas Pharma Inc., v. Lupin Ltd.*, C.A. No. 23-819-GBW-CJB

Dear Judge Burke,

We write on behalf of the parties jointly in advance of the March 19, 2024 hearing on Astellas' Motion for a Preliminary Injunction.  The parties have conferred and jointly respectfully propose the following parameters and approach for the hearing:

1. <u>Length of hearing</u>:  The parties propose that the hearing be conducted from 9:00 A.M. to 5:00 P.M., with 15-minute breaks in the morning and afternoon, and 30-60 minutes for lunch, for a total 6.5 to 7 hours.

2. <u>Allocation of time</u>: The parties propose that the time allocated by the Court for the hearing be split evenly between Plaintiffs and Defendants, with each side being able to use their allocated time as they see fit.

3. <u>Format of hearing</u>:  The parties propose the following format:[1]

    a. Opening statement / oral argument from each side (Plaintiffs, then Defendants).[2]

    b. Live witness testimony from technical experts in the following order:[3]

---

[1] The parties' proposal tracks then-Chief Judge Stark's approach to the preliminary injunction hearing in *Novartis v. Accord*, C.A. No. 18-1043-LPS (D. Del.), except that this Court currently requires the parties to provide advance notice of "any deposition designations to be played at the hearing."  D.I. 94.

[2] As opposed to merely previewing what the evidence will show, the parties may offer argument during their initial presentation.

[3] The presentation of live witness testimony is intended to aid the Court in resolving the motion by emphasizing certain aspects of each expert's opinions, and is without waiver of the parties' reliance on the full evidentiary record, including all declarations and all deposition testimony, submitted to the Court in connection with the motion.

      i. Plaintiffs' expert, Dr. David Taft
     ii. Plaintiffs' expert, Dr. Steven R. Little
    iii. Defendants' expert, Dr. Rada Savic
    iv. Defendants' expert, Dr. Walter Chambliss.

    c. Oral argument on irreparable harm, balance of equities and public interest (Plaintiffs, then Defendants). The parties respectfully request that the Courtroom and transcript be sealed to the public for this portion of the hearing (corporate representatives for each party will not be excluded).

    d. Closing argument from each side (Plaintiffs, then Defendants, then Plaintiffs).

4. <u>Disputed issue</u>: The parties have one dispute that they respectfully request the Court resolve regarding the use of depositions at the hearing. The parties agree that unless used to impeach a live witness at the hearing, any deposition clips to be played at the hearing must be disclosed as deposition designations pursuant to the agreed upon scheduling order (D.I. 94). The parties disagree on whether deposition testimony can otherwise be referred to or referenced during presentations without the need for formal exchange of depositions.

<u>Plaintiffs' proposal</u>: Any party may rely on deposition testimony for any purpose during the hearing including during opening statements/argument, oral argument on irreparable harm, balance of equities, and public interest, and closing, in the same manner that they would refer the Court to any other evidence of record;[4] except and unless used to impeach a live witness at the hearing, any deposition clips to be played at the hearing must be disclosed as deposition designations pursuant to the agreed upon scheduling order (D.I. 94).

<u>Defendants' proposal</u>: Any party may rely on deposition testimony already submitted as part of the record in D.I. 100, 101, 126, and 142 for any purpose during the hearing including during opening statements/argument, oral argument on irreparable harm, balance of equities, and public interest, and closing, in the same manner that they would refer the Court to any other evidence of record; except and unless used to impeach a live witness at the hearing, any deposition clips to be played at the hearing must be disclosed as deposition designations pursuant to the agreed upon scheduling order (D.I. 94).

Finally, the parties jointly respectfully request access to the Courtroom on Monday afternoon for tech set-up.

Counsel are available at the Court's convenience.

---

[4] This is consistent with Judge Stark's approach in *Novartis*.

47870382v.1

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     All Counsel of Record (via CM/ECF and electronic mail)