

**Daniel M. Silver**
Wilmington Office Managing Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

April 1, 2024

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:  *Astellas Pharma Inc. v. Lupin Ltd.*, **C.A. No. 23-819-JFB-CJB**

Dear Judge Burke,

We write on behalf of the Astellas Plaintiffs in response to Defendants' March 28, 2024 Letter (D.I. 190). Defendants attempt to relitigate that which this Court has already decided. Defendants' objection to the use of deposition testimony should be overruled.

Prior to the preliminary injunction hearing, the parties submitted a joint letter to the Court on March 12, 2024, outlining their proposals for the hearing's logistics. (D.I. 148 at 1). In the letter, the parties identified one dispute regarding the use of depositions at the hearing. (*Id.* at 2). Defendants sought to limit the parties' reliance upon deposition testimony to those excerpts cited in Astellas' Opening Brief (D.I. 100, 101), Defendants' Opposition Brief (D.I. 120), and Astellas' Reply Brief (D.I. 142), whereas Astellas' proposal would allow for a party to rely on deposition testimony as long as it was in the record before the hearing. (D.I. 148). The Court agreed with Astellas' proposal, and declined Defendants', stating:

> [T]he Court's view is that a party can rely on deposition testimony for any purpose during the hearing if the deposition testimony has already been submitted to the Court as part of the record on the ECF docket. In other words, the Court does not want [to] have a situation where a party makes reference to a deposition transcript during the hearing (other than for impeachment purposes) and that transcript is not a part of the electronic case record on ECF, such that the Court would not be able to go back and review the transcript later by looking to the docket.

(D.I. 150). On the same day, Plaintiffs lodged deposition testimony (D.I. 151, 152), to ensure it was part of the "record on ECF" so that the Court could "go back and review the transcript later by looking to the docket."

Plaintiffs did not understand the Order to mean, as Defendants suggest in their March 28 Letter, that the issuance of the Order prohibited the submission of any further deposition testimony not previously cited in the briefing. If that were the case, then the Court's explanation that the Court wished to have the ability to "go back and review the transcript later by looking to the docket" would be unnecessary.

ME1 48016908v.1

Additionally, in accordance with its understanding of the Court's Order, Astellas in fact relied on this testimony during the preliminary injunction hearing. And indeed, it is relevant to the "complex" issues on which the Court asked for supplemental briefing related to the preliminary injunction motion (*see* Hearing Tr. at 6:3-24; *see also* D.I. 179 ("it would be helpful to the Court to have some further focused post-hearing briefing on some key issues now before it as to the pending preliminary injunction motion.")). Defendants' proposed approach would unnecessarily and unfairly limit the evidence that Astellas could present to the Court in support of its motion, simply because Astellas did not attach the full deposition transcripts of Defendants' experts to its reply brief.

Finally, to the extent Defendants took issue with the Court's March 14 Order, they had fourteen days under the Local Rules to file a motion for reargument.  They failed to do so.  It would be manifestly prejudicial to Astellas to exclude highly relevant evidence given the nature of these proceedings, and where Astellas bears the burden to show it is entitled to the preliminary injunction, and where the Court already resolved this issue in Astellas' favor and Defendants failed to seek timely reconsideration. Astellas respectfully requests that Defendants' objection be overruled.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     All Counsel of Record (via CM/ECF and electronic mail)