# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD., LUPIN PHARMACEUTICALS, INC., ZYDUS PHARMACEUTICALS (USA) INC., and ZYDUS LIFESCIENCES LIMITED, <br><br> Defendants. | C.A. No. 23-819-JFB-CJB |

**PLAINTIFFS' LETTER IN SUPPORT OF MOTION FOR TELECONFERENCE TO RESOLVE DISCOVERY DISPUTE**

Dear Judge Burke,

Pursuant to the Court's Oral Order (D.I. 240), the Astellas Plaintiffs submit this letter in advance of the August 5, 2024 teleconference to resolve a discovery dispute between Astellas and the Zydus Defendants. Plaintiffs respectfully request that the Court strike the designation as CONFIDENTIAL INFORMATION under the Protective Order for the Zydus ANDA Product samples produced in this litigation now that its ANDA Product is available at pharmacies. The Zydus Defendants have not agreed to Astellas' request that Zydus de-designate the samples as confidential under the Protective Order, nor have they provided Astellas with any valid reason consistent with the Protective Order to maintain the confidentiality designation. In sum, Astellas respectfully submits that these samples cannot be confidential under the Protective Order because they are now commercially available and in the public domain.

Following this Court's denial of Astellas' Motion for a Preliminary Injunction, on or about April 19, 2024, Zydus commercially launched its accused ANDA Product in both 25 mg and 50 mg strengths, which are now available to the public without obligations of confidentiality. That commercial launch mandates that the samples produced by Zydus cannot be covered by the Protective Order entered in this case (D.I. 46). The Protective Order makes it clear that "[t]he restrictions and obligations set forth [in the Protective Order] relating to material designated CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party agrees, or the Court rules, . . . (b) is or has become public knowledge other than the result of disclosure by the Receiving Party, its employees, or agents in violation of the Protective Order; or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party." (*Id.* ¶ 27). Moreover, the Protective Order acknowledges that the Receiving Party "may at any time request that the Producing Party cancel or modify a CONFIDENTIAL INFORMATION designation" and that "the Party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION warrants the applicable protections under this Protective Order." (*Id.* ¶ 22).

First, Zydus cannot meet its burden of showing that any confidential information that may have existed with respect the ANDA samples has not become public knowledge. Zydus has refused to provide any information showing that the samples it produced in this litigation differ in any material respect from its ANDA Product presently for sale at pharmacies. To the contrary, Zydus claimed in its June 5, 2024 letter to Astellas that the samples it produced in this litigation are "representative" of the ANDA product it is presently selling to the public with no confidentiality obligations. (Exhibit A at 2).

Second, Zydus cannot meet its other burden of showing that the confidential information will not come into Astellas' legitimate knowledge or possession independently of the production by Zydus. That is because Zydus admits that "[i]f Astellas wishes to obtain additional samples, Zydus's ANDA products are now commercialized, and Astellas is free to purchase them from the market." (*Id.* at 3). It is well established that materials that are sold *en masse* to the public cannot reasonably be considered confidential under any sense of the term. *See Boler Co. v. Arvinmeritor, Inc.*, 2008 WL 4889017, at *1 (N.D. Ill. July 2, 2008) ("By definition, that which is available for

sale to the public (or exposed to the public) is not confidential and thus not within the ambit of a protective order that seeks to guard trade secrets or other kinds of confidential information.").

Because Zydus's ANDA Product is available to the public without any obligations of confidentiality, it is improper for Zydus to maintain the position that the samples they produced and acknowledge are representative are confidential under the Protective Order. Astellas therefore respectfully requests that the Court order the removal of the confidential designations of the Zydus ANDA samples.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)