

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

Pilar G. Kraman
P 302.576.3586
pkraman@ycst.com

June 27, 2024

<u>VIA CM/ECF & HAND DELIVERY</u>
The Honorable Christopher J. Burke
United States District Court
 For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re: *Astellas Pharma Inc. v. Lupin Ltd., et al.;* C.A. No. 23-819-JFB-CJB

Dear Judge Burke,

  Astellas's June 20, 2024 discovery dispute letter (D.I. 243) ("Astellas's letter") fails to address the necessity and impact of the relief it requests.  Astellas has never articulated a reason for removing the proper Protective Order designation from Zydus's ANDA product samples despite Zydus's repeated inquiries.  (Ex. B.)

  Zydus designated these samples "CONFIDENTIAL" because they were removed from batches before commercial marketing and shipped to Astellas's testing laboratory by express international delivery.  To obtain clearance to import the samples into the United States, Zydus represented to the FDA and U.S. Customs authorities (as required under the Federal Food, Drug, and Cosmetic Act and applicable FDA regulations): (1) that the samples were being provided solely for use in testing in this litigation; and (2) the samples were not for human consumption.  (Ex. C at 1.)  Zydus made Astellas aware of these conditions when Zydus produced the ANDA product samples to Astellas (*id*.), and Astellas did not object to them.

  The conditions on the use of Zydus's ANDA product samples are also important from a safety perspective.  Zydus's ANDA product samples are not "public."  The samples were not distributed through commercial channels, were not accompanied by the associated prescribing information, do not bear an NDC code and cannot be administered in a clinical setting.  Should Astellas, for example, dispense any of the samples for human consumption, Zydus would be exposed to potential liability which would require an insurance coverage analysis because the samples were not acquired through the customary sales process.

Young Conaway Stargatt & Taylor, LLP
June 27, 2024
Page 2

  When Astellas asked Zydus to remove the "CONFIDENTIAL" designation, Zydus advised that it would consider Astellas's request if Astellas confirmed that it would treat the samples similarly to the requirements for providing protected material to experts under the Protective Order, including identification of experts obtaining the samples, and honoring the conditions of production prohibiting administration in humans and use for purposes outside of this litigation. (Ex. B at 2.) Astellas simply refused to make that confirmation. This refusal leads to a singular conclusion — Astellas cannot accomplish its goals for these samples without breaching the Protective Order, the conditions of production, or both.

  Astellas and Zydus, however, do agree on one point. Zydus is currently commercially marketing its ANDA products. If Astellas wishes to obtain Zydus's ANDA products unfettered by the requirements of the Protective Order and the conditions of production, it is free to purchase the products on the open market and do so within the bounds of applicable laws and regulations.

  For these reasons, Zydus respectfully requests the Court deny Astellas's request to de-designate Zydus's ANDA product samples, or in the alternative, require the samples to be treated in the manner required by the Protective Order and the conditions of production, including requiring the samples be used only for the purposes of this litigation and not be administered to humans.

                Respectfully submitted,

                Pilar G. Kraman (No. 5199)

cc: All counsel of record (by CM/ECF and email)