

| | | |
|---|---|---|
| | **Daniel M. Silver**<br>Wilmington Office Managing Partner<br><br>T. 302-984-6331<br>F. 302-691-1260<br><br>dsilver@mccarter.com | McCarter & English, LLP<br><br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801-3717<br><br>www.mccarter.com |

July 31, 2024

**VIA CM/ECF**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   <u>*Astellas Pharma Inc. v. Lupin Ltd.*</u>, **C.A. No. 23-819-JFB-CJB**

Dear Judge Burke,

We write to provide the Court with a complete record, in response to Defendants' letter requesting to file their motion to bifurcate without a proper meet and confer pursuant to Local Rule 7.1.1.  (D.I. 281.)  As the attached correspondence makes clear (*see* Ex. A), Astellas would like nothing more than to confer with Defendants on all outstanding issues between the parties, but Defendants claim that they are only available to confer on their bifurcation request; when it comes to Astellas' discovery issues, Zydus is unable to commit to a reasonable date/time for a meaningful conferral (Lupin, to its credit, indicated it would confer with Astellas early next week).

Although Defendants contend that Plaintiffs are "refusing" to meet and confer, the parties' correspondence indicates otherwise.  Plaintiffs have made themselves available this week (and next week) to meet and confer on Defendants' bifurcation issue and discovery deficiencies related to that issue.  (Ex. A at 1, 5.)  All that was required to hold a meet and confer was Defendants' agreement on a date and time, which Defendants refused to do.  As a courtesy to Defendants, Astellas offered to separate the conferrals, provided Defendants could commit to conferring on the discovery issues within a week's time – Lupin was willing, but Zydus refused.

In their letter, Defendants argue that the discovery deficiencies are not "ripe," and imply that the discovery disputes are both recent and extensive, requiring additional time for Defendants to consider.  (D.I. 281)("Plaintiffs sent defendants an 8-page discovery deficiency letter on July 22, 2024.")  However, many of the items in Plaintiffs' July 22, 2024 letters are not new, but rather were raised previously by Plaintiffs (dating back to May 2024 or earlier), but remain deficient.  More importantly, many of these deficiencies squarely relate to the damages bifurcation motion Defendants seek leave to file, a point omitted from Defendants' letter despite having full knowledge of Plaintiffs position.  (Ex. A at 1, 2.)

Astellas apologizes for burdening the Court with yet another letter, but Defendants' refusal to engage with Astellas – including rushing to file a motion with the Court – is untenable.  Astellas is prepared to meet and confer on all of these issues with Defendants.  Astellas will arrange to confer with Defendants regarding the bifurcation issue consistent with the Court's order (D.I.

282), but similarly respectfully requests that Defendants be ordered to confer with Astellas by no later than August 9 on the issues set forth in Astellas' July 22 letters.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)