# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., et al., | C.A. No. 23-819-JFB-CJB |
| Plaintiffs, | |
| v. | |
| LUPIN LTD., LUPIN PHARMACEUTICALS, INC., ZYDUS PHARMACEUTICALS (USA) INC., ZYDUS LIFESCIENCES LIMITED, | |
| Defendants. | |

## PLAINTIFFS' AUGUST 13, 2024 OPENING LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTES

DATED: August 13, 2024

OF COUNSEL:

Simon D. Roberts
Jason A. Leonard
Jayita Guhaniyogi
Vincent Li
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
simonroberts@mwe.com
jleonard@mwe.com
jguhaniyogi@mwe.com
vli@mwe.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*

ME1 49433542v.1

Dear Judge Burke,

Astellas submits this letter pursuant to the Court's Order (D.I. 291) concerning the discovery deficiencies identified in the parties' August 6, 2024 letter (D.I. 290). *See also* Exs. M-P. Specifically, Defendants Lupin and Zydus refuse to provide documents/information responsive to a number of Astellas' discovery requests, many of which were served over nine months ago and others of which were served at least three months ago. Exs. A-P. With the close of discovery on October 18, 2024, Astellas respectfully requests the Court grant relief in its favor.

**Zydus—Damages/Willfulness and Bifurcation.** Zydus refuses to provide any damages or willfulness-related discovery until the Court rules on Zydus's bifurcation motion. Zydus thus refuses to provide information responsive to RFP Nos. 1 and 3-6 and ROG Nos. 1, 2, and 5-10 to Zydus, even though a number of the requests also bear on infringement/validity. Zydus's refusal to produce the information pending this Court's ruling is contravened by the law. *MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, 2005 WL 8170595, at *6 (D. Del. Sept. 7, 2005) ("[A] party is entitled to obtain discovery with respect to damages as well as to other facets that relate to the proof of the plaintiff's claim, at the same time, ***unless there has been a specific order that bifurcates damages from other parts of the case***."); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 35 (D. Del. 1995) ("[E]ven if the court were inclined to order separate trials, it does not appear that staying discovery on damages pursuant to Federal Rule of Civil Procedure 26(c)(4) would be productive" because discovery on damages "can facilitate settlement discussions"). The requested information also relates to Zydus's sales of its infringing products, which are embodiments of the asserted claims. That discovery bears on infringement and commercial success. *Lambda Optical Sols., LLC v. Alcatel-Lucent USA Inc.*, 2015 WL 12806435, at *9 (D. Del. July 24, 2015), *recommendation adopted in relevant part*, 2015 WL 5734427 (D. Del. Sept. 30, 2015) ("Lambda sets forth significant evidence of the commercial success of Alcatel's allegedly infringing products. Such evidence is properly considered as a secondary consideration of nonobviousness.").

**RFP No. 1 to Lupin and RFP No. 1 to Zydus.** RFP No. 1 seeks "a copy of the sealed portions of the preliminary injunction hearing transcript held on March 19, 2024," which relate to Defendants' *ex parte* communication with the Court. As made clear during the PI Hearing, the *ex parte* communications were for the limited purpose of Defendants providing the Court with their launch plans so the Court would understand when the PI motion needed to be decided. D.I. 198 at 385:1-12, 386:15-17. That accommodation was made to allay Defendants' concerns that "there is an antitrust issue with potentially telling everyone what our plans are." *Id.* at 385:2-6. That antitrust concern no longer exists because Defendants have launched their ANDA products at risk and the parties/public now know when they launched. Moreover, because the complaint has been amended to reflect their at-risk launches and thus include allegations of patent infringement under 35 U.S.C. § 271(b)-(c), any actions by Defendants that contributed to/induced infringement are relevant to the claims/defenses in this case. That includes steps Defendants took to import, launch, offer to sell, and sell their ANDA products that would have been disclosed during the *ex parte* communications.[1] The relevance of the information and absence of antitrust concerns warrants production.

---

[1] Lupin gave Astellas part of the *ex parte* communication but refuses to provide the complete transcript. Astellas acknowledges that it authorized the *ex parte* communications at the time and they were appropriate then. Given changed circumstances, they should be shared with Astellas now.

1

RFP No. 1 to Zydus also seeks production of "[a]ll documents and things concerning the importation into the United States, preparation, Manufacture, use, offer for sale, sale, price, profit, purchase, marketing, or distributing of Zydus's ANDA Product . . . ." With the exception of some batch records and certificates of analysis, Zydus refuses to produce these pending its bifurcation motion, even though the information is relevant to infringement, validity, and damages. For the reasons discussed above, Zydus's refusal to produce information has no basis in the law.

**RFP No. 2 to Lupin, RFP No. 2 to Zydus, ROG No. 9 to Zydus, and ROG No. 9 to Lupin.** RFP No. 2 requests "[a]ll documents and things concerning the decision to develop, Manufacture, and sell [each Defendant's] ANDA Product . . . ." ROG No. 9 requests that each Defendant "[d]escribe in detail [their] decision to launch [their] ANDA Product . . . ." Defendants refuse to produce responsive information, contending that the requests are irrelevant. The requests seek information relevant to infringement, willful infringement, and secondary considerations of non-obviousness, including copying, commercial success, and long felt unmet needs. For example, Defendants' documents likely explain their reasons for wanting to make a generic copy, including an analysis of comparisons with other treatments already on the market that would go to long felt unmet need. Similarly, Defendants' documents will also consider market share, costs, and potential profits, which are relevant to commercial success. Defendants should not be permitted to withhold information that bears on Astellas' ability to rebut Defendants' obviousness defense.

**RFP No. 4 to Zydus and ROG No. 6 to Zydus.** RFP No. 4 requests "[a]ll documents and things concerning marketing plans, marketing materials, pricing strategies, and capacity forecasts for Zydus's ANDA Product." With the exception of representative sales forecasts and projections of its ANDA product, Zydus refuses to produce the additional requested information because it is purportedly irrelevant and not proportional to the needs of the case. But the requested information is directly relevant to Astellas' infringement claim. 35 U.S.C. § 271 ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Because Zydus has launched its products, the requested information is also relevant to damages, including, for example, documents that evidence pricing and discount information. Indeed, courts in this district have found that sales and marketing documents are relevant to damages and infringement. *Novartis Pharms. Corp. v. Abbott Lab'ys*, 203 F.R.D. 159, 164 (D. Del. 2001) (granting motion to compel production of "foreign sales and marketing documents" in addition to already produced "domestic sales and marketing documents" because the documents are relevant to damages/infringement).

Similarly, ROG No. 6 requests that, "[f]or all sales of Zydus's ANDA Product, state on a monthly basis the number of units imported, sold, the price at which the units were sold, the revenue earned on the sales, the identity of the customers to whom the sales were made, the profit margin before taxes on such sales, the roles and identities of any Person involved in such sales, and the identities of any Persons profiting or receiving a commission or revenue based on such sales." Zydus refuses to provide responsive information until its bifurcation motion is resolved, despite the information also being relevant to infringement and validity, including commercial success.

**RFP No. 5 to Lupin and RFP No. 5 to Zydus.** RFP No. 5 requests "[a]ll documents and things concerning [each Defendant's] plans for and actual commercial launches, including, . . . advice of counsel, insurance policies. . . ." Lupin indicates that it will produce documents concerning Lupin's actual launch but not those related to its plans for the launch because such information

is irrelevant. Zydus refuses to produce any documents due to its pending bifurcation motion and also maintains that the request is irrelevant. The requested information is directly relevant to commercial success and damages, including Defendants' ability to pay damages. *In re Wellbutrin XL Antitrust Litig.*, 133 F. Supp. 3d 734, 739 (E.D. Pa. 2015) ("[I]f . . . the generic applicant begins to market its generic product prior to a determination of the patent's validity or scope, the launch is considered to be 'at risk' and the manufacturer can be forced to pay damages."). Zydus also stated that to the extent it had an insurance policy in place, it could choose to not disclose that until the day before trial, contrary to Fed. R. Civ. P. 26(a), which requires early disclosure of any applicable insurance policy and 26(e), which requires prompt supplementation. Allowing Zydus to produce its insurance policies the day before trial would be prejudicial to Astellas, leaving it with no time to engage in necessary discovery regarding issues such as Zydus's willful infringement. Similarly, Zydus refused to provide a date certain in which it would disclose/produce an advice of counsel, to the extent it intended to rely on one. Astellas requests that the Court compel Defendants to produce their launch plans, and that Zydus promptly produce any insurance policies and advice of counsel (to the extent Zydus intends to rely on one).

**ROG No. 1 to Zydus.** ROG No. 1 requests that Zydus "[i]dentify and Describe all batches of Zydus's ANDA Product that Zydus has manufactured. . . ." Because (i) manufacturing a product for use in an infringing method is an infringing act under 35 U.S.C. § 271 and (ii) this information relates to the product amount Zydus might sell, the material is relevant to infringement/damages. Yet, Zydus refuses to provide any information beyond its production of the ANDA, which includes only information about the manufacture of exhibit batches. Zydus's refusal to provide information about the manufacture of tablets produced after the exhibit batches, including the products prepared for importation into the U.S., offered for sale, and/or sold in the U.S. is improper.

**ROG No. 2 to Lupin and ROG No. 2 to Zydus.** ROG No. 2 requests that each Defendant "[d]escribe in detail, all steps you have taken in preparation to sell, offer to sell, or import [your] ANDA Product in the United Sates. . . ." Defendants maintain that these requests are irrelevant, even though they are relevant to infringement, because it is an act of infringement to sell, offer to sell, or import a product. *See, e.g.*, 35 U.S.C. § 271; *Bone Care Int'l, L.L.C. v. Roxane Lab'ys, Inc.*, 2012 WL 2126896, at *10, *29, *33 (D. Del. June 11, 2012) (finding ANDA filers contributorily infringed a method claim by selling, offering to sell, or importing their ANDA product).

**ROG No. 10 to Zydus.** ROG No. 10 requests that Zydus "[d]escribe in detail any attempts by Zydus to sell or license Zydus's ANDA." Zydus again argues that this interrogatory is irrelevant and not proportional to the needs of the case. Information relating to offers to sell or license an ANDA, however, is relevant to damages. *Arendi Holding Ltd. v. Microsoft Corp.*, 2009 WL 3805585, at *2 (D. Del. Nov. 4, 2009) (holding that licensing agreements relating to the patented technology were discoverable because they were relevant to damages).

**Zydus's Paragraph 3 and Rule 26(a)(1) Disclosures.** Astellas requested that Zydus supplement its disclosures to identify the individuals most likely to have information about Defendants' at-risk launch. Zydus refused to do so, contending that the requested information is irrelevant. This information is relevant to identifying individuals who may have information relating to infringement, secondary considerations of obviousness, and willful infringement.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via E-Mail)