# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ASTELLAS PHARMA INC., et al., ) ) Plaintiffs, ) ) v. ) ) LUPIN LTD., LUPIN PHARMACEUTI- ) CALS, INC., ZYDUS PHARMACEUTI- ) CALS (USA) INC., ZYDUS LIFESCIEN- ) CES LIMITED, ) ) Defendants. ) | C.A. No. 23-819-JFB-CJB |

### PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE OPPOSING DEFENDANTS' MOTION TO BIFURCATE

OF COUNSEL:

Simon D. Roberts
Jason A. Leonard
Jayita Guhaniyogi
Samoneh Schickel
Vincent Li
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
simonroberts@mwe.com
jleonard@mwe.com
jguhaniyogi@mwe.com
sschickel@mwe.com
vli@mwe.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*

August 19, 2024

Dear Judge Burke,

In support of their bifurcation motion, Defendants present nearly identical arguments to those that this Court previously considered and rejected in a different case, including that (i) bifurcation is common, (ii) the evidence for liability does not significantly overlap with that on willfulness and damages, and (iii) bifurcation would prevent jurors from being confused. *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 566-67 (D. Del. 2013). Indeed, as this Court found in *SenoRx*, Defendants bifurcation motion here "emphasize[s] generalities rather than specifics, and do[es] not demonstrate why this case (as opposed to many other patent cases in this District) warrants two trials." *Id* at 572. The burden is on defendants to demonstrate that bifurcation is appropriate. *Id* at 567. Defendants have failed to meet their burden.

**Bifurcation is the Exception Not the Rule.** Contrary to Defendants' contention, bifurcation is "the exception, not the rule in civil cases, including patent cases." *SenoRx*, 920 F. Supp. 2d at 568 (denying Defendants' motion to bifurcate patent liability from damages/willfulness); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, 2021 WL 982730, at *3 (D. Del. Mar. 16, 2021) (noting bifurcation is the exception not the rule and denying Defendants' motion to bifurcate patent liability from damages/willfulness); *Evertz Microsystems Ltd. v. Lawo Inc.*, 2021 WL 706457, at *1 (D. Del. Feb. 23, 2021) (similar); Exs. A-G (D. Del. Form Scheduling Orders). Defendants' cited cases are inapposite. In *Enzo Life Scis., Inc. v. Digene Corp.*, the Court granted the bifurcation motion to separate patent issues from business tort counterclaims, not patent liability from damages/willfulness, as Defendants seek here. 2003 WL 21402512, at *4 (D. Del. June 10, 2003). With respect to *Robert Bosch LLC v. Pylon Mfg. Corp.*, the Federal Circuit and this Court already rejected the supposed rule that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases," with this Court finding that it was "one District Judge of this Court" that made that determination. 2009 WL 2742750, at *1 (D. Del. Aug. 26, 2009); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (explaining the *Robert Bosch* case demonstrates the "dangers with [that court's] hard and fast rule regarding such bifurcation.").

**Bifurcation will not Enhance Efficiency.** This Court in the *SenoRx* case did not agree that bifurcation would promote efficiency even if defendant is "correct that there will not be substantial overlap between liability and damages-related evidence [as Defendants contend here]. . ., [because] some real overlap is inevitable, as it will likely be necessary to set out certain core testimony about the relevant products and industry in both liability and damages trials." *SenoRx*, 920 F. Supp. 2d at 569. Additionally, contrary to Defendants' contention, Astellas anticipates there will be substantial overlap of evidence relevant to liability and damages/willfulness[1] with respect to commercial success, indirect infringement, and non-infringing alternatives.

First, much of the evidence, including sales and profit information/witnesses Astellas will present regarding commercial success overlaps with damages. For example, Astellas has presented evidence from its expert, Dr. Vellturo, detailing the commercial success of Myrbetriq®. D.I. 105 at ¶41. Dr. Vellturo's opinions were based, *inter alia*, on the sales and profitability of Myrbetriq®—the same evidence that would be used for calculating the damages Astellas' is owed in lost profits. Likewise, because Defendants have launched ANDA Products at-risk, the profitability and amount

---

[1] Defendants' refusal to produce damages discovery, *see* D.I. 295, makes it difficult for Astellas to assess at this time whether it will seek a reasonably royalty and/or lost profits.

1

of sales of their products also demonstrate commercial success in addition to damages. Defendants argue that evidence relating to commercial success is less extensive from that needed to prove damages, but much of the information is the same—information showing the amount of their sales, revenue, profitability, etc. Moreover, this Court previously rejected Defendants' argument, in part, because "at least some evidence regarding the commercial success of the products-at-issue, relevant to a determination of obviousness under 35 U.S.C. § 103, will overlap with evidence necessary to assess damages." *SenoRx*, 920 F. Supp. 2d at 569. Indeed, in this case, bifurcation would force the parties to, *inter alia*, educate a second jury about the patented technology to allow the jurors to determine damages,[2] use identical information and witnesses to rebut obviousness in the liability phase and to show that Astellas' inventions were significant advances over the prior art for damages, and present identical sales and profit information regarding Astellas' and Defendants' products to rebut invalidity and show damages.

Second, there is substantial evidentiary overlap between liability and willfulness. Astellas anticipates that much of the same evidence it will present regarding the knowledge requirements for willfulness and indirect infringement will overlap, including that Defendants copied Myrbetriq®. Third, the lack of non-infringing alternatives is going to be part of Astellas' damages theories, because one of the key factors in proving damages is the lack of acceptable non-infringing alternatives. If bifurcated, these aspects of the case will require re-educating a second damages/willfulness jury on at least Defendants' infringing products, the asserted patent and Myrbetriq®, and the parties' expert opinions on what does/does not infringe. Given the substantial overlap, judicial efficiency is not served by bifurcation. *SenoRx*, 920 F. Supp. 2d at 569-70 (finding there is a "significant" evidentiary overlap between liability/willfulness and efficiency is not served "the more that two bifurcated trials . . . tread the same legal and evidentiary ground").

Finally, while Defendants' contention that a second trial on damages/willfulness would not be necessary if Defendants prevail on liability could be said of every patent case, such an argument "is not enough to show that judicial economy would be served through bifurcation." *Sprint*, 2021 WL 982730, at *3; *see also HASH Asset Mgmt. Ltd. v. DMA Labs, Inc.*, 2023 WL 4314077, at *2 (D. Del. July 3, 2023) (bifurcation would not conserve resources if the court is "required to oversee two discovery periods, two sets of summary judgment briefing, and potentially two trials"). As this Court previously found, "[m]ore concrete is the reality that the parties, with this Motion pending, have already been engaged in disagreements over whether certain discovery should fall into a 'liability' or 'damages/willfulness' category [D.I. 295]—an inefficiency that would be avoided if the case were not bifurcated." *SenoRx*, 920 F. Supp. 2d at 570. And Defendants' contention that this Court found Defendants are likely to prevail on invalidity is incorrect, since the Court "may not have had all of the evidence on the question of definiteness that a judge might later have at trial. . . [and] the question before the Court [was] not whether Defendants have *proven* invalidity [by clear and convincing evidence], but instead only whether they have put forward a 'substantial question' of invalidity" to show the claims "are *vulnerable* to such charge." D.I. 200 at 34-35; *Briggs & Stratton Corp. v. Chongqing RATO Power Co.*, 2013 WL 5963151, at *4 (N.D.N.Y. Nov. 7, 2013) (refusing to bifurcate liability from damages despite defendants prevailing on the PI

---

[2] *See, e.g., Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y.1970) (listing "the nature of the patented invention . . . and the benefits to those who have used the invention" and "the utility and advantages of the patent property over the old modes" as factors in the determination of a reasonable royalty).

because that "preliminary review" was not an "adequate showing with respect to the merits of their position on liability to support a stay of discovery on damages or bifurcation at trial").

**Bifurcation will not Enhance Juror Understanding.** "[I]n this District, juries routinely decide complex liability and damages issues at the same trial." *Evertz*, 2021 WL 706457, at *2. Defendants fail to identify anything specific about this case as compared to any other patent case that would confuse a jury. This case involves one patent and one/two infringing products for each defendant, which is less complex than other cases where bifurcation of liability from willfulness/damages was denied. *Sprint*, 2021 WL 982730, at *2 (case involved nine patents and multiple technologies); *SenoRx*, 920 F. Supp. 2d at 571 (case involved two asserted patents, 20 asserted claims, and medical device engineering and brachytherapy technology). Indeed, unlike other patent cases where at least 6 years of financial data is typically at issue, only about 1.5 years of financial data will be at issue here when the parties go to trial in September 2025, since Defendants launched at risk on or around April 19, 2024. Exs. H-I. This, along with Defendants' concession that "any loss suffered by Astellas is easily calculable," belies Defendants concern that damages would be more complicated to understand here than in a typical patent case. D.I. 120 at 19; *SenoRx*, 920 F. Supp. 2d at 571 ("[A]lthough calculating . . . damages is not easy, those are the computations that juries are often called upon to confront in a patent case."). Defendants' final contention that allowing evidence regarding Defendants' willfulness knowledge during the liability phase would further burden a jury has no merit, since the jury will already hear substantially the same "knowledge" evidence when Astellas presents its claims for indirect infringement.

**Bifurcation does not Avoid Prejudice.** Defendants again fail to articulate with specificity why the jury here will be more prejudiced by willfulness evidence—most of which will substantially overlap with evidence of indirect infringement—than in any other patent case. Defendants' argument about the inflammatory nature of willfulness evidence is speculative and premature at best, given that they have refused to produce such evidence to date.[3] D.I. 295. Courts routinely choose not to bifurcate liability from damages/willfulness. *Sprint*, 2021 WL 982730, at *3*; *SenoRx*, 920 F. Supp. 2d at 568. Defendants also ignore "the harm that a plaintiff like [Astellas] would face . . . from, *inter alia*, the 'inevitable delay, and resulting prejudice . . . of two separate trials.'" *SenoRx*, 920 F. Supp. 2d at 568-69. As this Court found, "such prejudice is real, and cannot be mitigated by any action short of denying the request for separate trials."[4] *Id.*

**Discovery should not be Bifurcated.** Given the substantial overlap between the evidence to be presented for liability and damages/willfulness, the parties are already in disagreement over whether certain discovery falls into a liability or damages/willfulness category. D.I. 295. As this Court noted, "with two separate trials, it is not only possible, but probable, that repeated discovery disputes will arise over whether requested discovery is related to liability, damages, willfulness, or all of these issues, thereby leading to extended delay, unnecessary paperwork, more legal fees, and increased judicial intervention." *SenoRx*, 920 F. Supp. 2d at 570. Defendants request to bifurcate damages should be denied because it only creates additional work for everyone involved.

---

[3] Plaintiffs also note that Defendants have engaged in "self-help" by refusing to provide any of this discovery without justification, which is another dispute before the Court. D.I. 295.

[4] Astellas does not believe bifurcation is warranted at all. If the Court disagrees, Astellas requests the Court delay its decision until after discovery, when the parties' trial positions are clearer.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via E-Mail and CM/ECF)