IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) | C.A. No. 1:23-cv-0819-JFB-CJB |
| Plaintiffs, | ) ) | |
| v. | ) ) | Hon. Joseph F. Bataillon |
| LUPIN LTD., LUPIN PHARMACEUTICALS, INC., SANDOZ INC., ZYDUS PHARMACEUTICALS (USA) INC., and ZYDUS LIFESCIENCES LIMITED, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.'S
OBJECTIONS TO ORAL ORDER (D.I. 311) DENYING
DEFENDANTS' MOTION TO BIFURCATE**

## TABLE OF CONTENTS

**Page No.**

I.      BACKGROUND ................................................................................................ 1

II.     STANDARD OF REVIEW ............................................................................... 3

III.    ARGUMENT ..................................................................................................... 4

      A.      Bifurcation Will Conserve Judicial Resources ....................................... 4

      B.      Bifurcation Will Avoid Prejudice ........................................................... 6

      C.      Bifurcation Will Enhance Juror Comprehension ..................................... 7

IV.     CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**Page No(s).**

*Astellas Pharma Inc. v. Sandoz Inc.*,
  No. 23-2032, D.I. 70 (Fed. Cir. Apr. 22, 2024) ........................................................................2

*Board of Regents, The University of Texas System v. Boston Scientific*,
  C.A. No. 18-392-GBW, 2022 WL 17403478 (D. Del. Dec. 2, 2022) ...................................5, 6

*Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*,
  No. 08-343-SLR, 2009 WL 2705932 (D. Del. Aug. 26, 2009) ................................................6

*Enzo Life Scis., Inc. v. Digene Corp.*,
  No. 02-212-JJF, 2003 WL 21402512 (D. Del. June 10, 2003) .................................................3

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209 (Fed. Cir. 1987) ...............................................................................................3

*In re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ...............................................................................................3

*Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*,
  No. JKB-09-2657, 2011 WL 1045630 (D. Md. Mar. 17, 2011) ...............................................6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce,
 Fenner & Smith, Inc.*,
  587 F. Supp. 1112 (D. Del. 1984) .............................................................................................5

*Princeton Biochemicals Inc. v. Beckman Instruments Inc.*,
  180 F.R.D. 254 (D.N.J. 1997) ..................................................................................................4

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948) ..................................................................................................................3

## OTHER AUTHORITIES

28 U.S.C. ¶ 636 .................................................................................................................................1

Federal Rule of Civil Procedure 42 ..................................................................................................3

Fed. R. Civ. P. 72 .........................................................................................................................1, 3

Local Rule 7.1.5 ...............................................................................................................................1

Local Rule 72.1 ................................................................................................................................1

Pursuant to 28 U.S.C. ¶ 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Del. Local Rule 7.1.5(b) and 72.1(b), Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (Defendants') respectfully object to Magistrate Judge Burke's Oral Order (D.I. 311) denying Defendants' Motion to Bifurcate (D.I. 296, 297).  Defendants' objections are timely pursuant to Fed. R. Civ. P. 72(a).

Defendants respectfully submit Magistrate Judge Burke's Oral Order (D.I. 311) denying bifurcation is clearly erroneous because the unique facts and posture of this case firmly support bifurcation. In this case, the relevant factors support bifurcation of liability from damages and willfulness both at the discovery stage and for trial.  In particular, (1) Defendants are likely to prevail on liability in view of this Court's prior preliminary injunction decision, making discovery on damages and willful issues unnecessary, (2) Defendants will be prejudiced if evidence of willfulness and inflated damages numbers are introduced to the jury before a finding of liability, (3) the presence of two defendants who are competitors in the marketplace poses significant discovery and trial presentation challenges that would be obviated if Defendants' prevail at the liability phase, and (4) a single trial will pose significant challenges for the jury in view of the complexity of the technology at issue for the numerous infringement and invalidity claims in addition to the numerous, complex damages theories (reasonable royalty, lost profits, price erosion) that Astellas intends to rely on which implicate difficult economic and commercial issues within the pharmaceutical industry.

## I.     BACKGROUND

On January 26, 2024, Plaintiffs moved for a preliminary injunction, seeking to prohibit Defendants from launching their ANDA Products in March and April of 2024 as authorized under prior settlements.  D.I. 98.  This Court referred Plaintiffs' preliminary injunction motion to Magistrate Judge Burke, who held an evidentiary hearing on March 19, 2024.  Judge Burke issued

a Report and Recommendation on Plaintiffs' motion on April 19, 2024, recommending that Plaintiffs' motion be denied because Defendants had raised a substantial question as to whether the claims of the '451 patent are invalid due to indefiniteness.  D.I. 200 at 34-35.

After Judge Burke issued his Report and Recommendation, Defendants launched their ANDA products on April 19, 2024.  Plaintiffs then moved for a Temporary Restraining Order ("TRO"), seeking to enjoin Defendants' product launches pending resolution of Plaintiffs' objections to Judge Burke's Report and Recommendation.  D.I. 201.  This Court denied Plaintiffs' motion for a TRO and adopted Judge Burke's Report and Recommendation in full on April 24, 2024, explaining that "the pleadings and evidence lead the Court to conclude Plaintiffs are unlikely to overcome the argument that the '451 patent is invalid."  D.I. 210 at 2; *see also* D.I. 223.

On April 22, 2024, Plaintiffs moved for a temporary injunction and injunction pending appeal before the Federal Circuit in the appeal of the *Mirabegron II* decision (Case No. 20-1589-JFB-CJB), involving a separate patent.  *Astellas Pharma Inc. v. Sandoz Inc.*, No. 23-2032, D.I. 70 (Fed. Cir. Apr. 22, 2024).  The Federal Circuit granted Plaintiffs' request for a temporary injunction that same day, enjoining Defendants' launches pending further review of Plaintiffs' motion.  *Astellas Pharma Inc. v. Sandoz Inc.*, No. 23-2032, D.I. 73 (Fed. Cir. Apr. 22, 2024).  After additional briefing, the Federal Circuit denied Plaintiffs' motion for an injunction pending appeal and lifted the temporary injunction.  *Astellas Pharma Inc. v. Sandoz Inc.*, No. 23-2032, D.I. 84 (Fed. Cir. May 9, 2024).  Defendants then re-launched their ANDA Products following the lifting of the temporary injunction.

On July 22, 2024, Plaintiffs moved for leave to file a First Amended Complaint.  D.I. 272. The Court granted Plaintiffs' motion on July 23, 2024, D.I. 278, and Plaintiffs filed their First Amended Complaint later that day.  D.I. 279.  Plaintiffs' First Amended complaint added a demand

for a jury trial, allegations of willful infringement, and additional allegations regarding Plaintiffs' request for money damages.  *See* D.I. 279 at ¶¶60, 62-63, 82, 84-86.

Thereafter, on August 13, 2024, Defendants moved for bifurcation of liability issues from willfulness and damages for both discovery and trial.  D.I. 297.  On August 26, 2024, the Magistrate Judge entered a brief Oral Order denying bifurcation of discovery and denying without prejudice bifurcation with respect to trial presentation.  D.I. 311

## II.    STANDARD OF REVIEW

"The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Bifurcation of civil trials is governed by Federal Rule of Civil Procedure 42(b), which states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).  District courts have "broad discretion in separating issues and claims for trial as part of [their] wide discretion in trial management" under Rule 42(b).  *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).  The major consideration for courts addressing bifurcation is "directed toward the choice most likely to result in a just final disposition of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).  In assessing bifurcation, courts "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case."  *Enzo Life Scis.,*

*Inc. v. Digene Corp.*, No. 02-212-JJF, 2003 WL 21402512, at *4 (D. Del. June 10, 2003). District courts also have discretion to bifurcate discovery on bifurcated issues, such that discovery relating to damages and willfulness issues does not commence until a decision is reached on liability issues. *See Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 260-261 (D.N.J. 1997) (noting that "courts, as a matter of course, stayed discovery of bifurcated issues.").

## III.   ARGUMENT

The brief Oral Order (D.I. 311) issued on Defendant's motion to bifurcate did not provide any analysis weighing the numerous facts supporting bifurcation of damages and willfulness in this case for purposes of discovery and trial, leaving Defendants unable to assess how the Court weighed the relevant facts in denying Defendants' motion. Here, the unique posture of this case and specific factual scenario strongly weighs in favor of bifurcation of damages and willfulness at the discovery stage and for purposes of trial. Accordingly, Defendants respectfully submit that the Court clearly erred in denying bifurcation of damages and willfulness in this case because the evidence as a whole firmly supports bifurcation.

### A.   Bifurcation Will Conserve Judicial Resources

In view of the preliminary injunction proceedings, in which the Court found that "Plaintiffs are unlikely to overcome the argument that the '451 patent is invalid," bifurcation of damages and willfulness for both discovery and trial is very likely to conserve resources of both the Court and the parties. *See* D.I. 210 at 2; *see also* D.I. 223. Indeed, the parties and this Court may never need to reach the issues of damages and willfulness. Thus, there is no reason for the parties to engage in costly and time-consuming discovery on these issues at this time.

This posture alone sets this case apart from cases in which courts have denied bifurcation. Given the Court's preliminary injunction ruling, it is likely that consideration of damages or

willfulness issues will be unnecessary.  Any time spent on discovery (and associated discovery disputes) with respect to those issues would be wasted if this case is resolved at the liability phase. The potential for reduction in discovery efforts and trial time due to resolving a case at the liability phase weighs in favor of bifurcation.  *See Board of Regents, The University of Texas System v. Boston Scientific*, C.A. No. 18-392-GBW, 2022 WL 17403478, at *2-3 (D. Del. Dec. 2, 2022).

While Astellas broadly asserts a significant overlap between the evidence needed for liability and damages issues, Astellas has not identified with specificity evidence or testimony that will be duplicated between the two phases proposed by Defendants.  Astellas complains that it cannot address this issue because it seeks additional discovery from Defendants, but the vast majority of information relevant to Astellas's damages case is Astellas's own information, which Astellas already possesses.  Moreover, Courts have recognized that evidence required to demonstrate commercial success is "less extensive and of a different character from that to prove damages" because "[t]he question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and a big seller."[1] *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1116 (D. Del. 1984).

Astellas also suggests that evidence regarding non-infringing alternatives will overlap between the proposed liability and damages phases. (D.I. 300 at 2).  But the liability phase will

---

[1]     Astellas does not substantiate its assertion that Defendants' sales and profitability are relevant to commercial success.  *See* D.I. 300 at 1-2.  While "in some cases courts have considered the infringer's sales as evidence of commercial success, . . . this is generally because, unlike here, the patentee did not itself practice the patented invention." *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1116 (D. Del. 1984).  In this case, Astellas contends that its Myrbetriq product practices the patent claims.

look at whether Defendants' products infringe the asserted patent, whereas the damages phase would involve consideration of whether alleged alternatives to Myrbetriq are infringing.  These are two separate inquiries.

Issues of willfulness likewise do not overlap with the proposed liability phase for discovery or trial.  Nevertheless, as explained below, the potential prejudice to Defendants of permitting evidence of alleged willful infringement before a jury decides issues of liability warrants bifurcation.

### B.  Bifurcation Will Avoid Prejudice

Bifurcation of damages and willfulness is warranted in this case to avoid prejudice to Defendants, both during discovery and at trial.  Defendants' opening brief explained that both willfulness and damages issues may entail inflammatory allegations irrelevant to issues of liability. Astellas is likely to seek to paint Defendants as bad actors, which would be highly prejudicial for a jury to hear prior to deciding issues of liability.  *See Board of Regents, The University of Texas System v. Boston Scientific*, 2022 WL 17403478, at*3.  Juries subject to evidence and argument on willfulness "may be less objective in deciding the issue of infringement."  *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB-09-2657, 2011 WL 1045630, at *3 (D. Md. Mar. 17, 2011).  Likewise, damages evidence also risks biasing the jury by encouraging it to rely on irrelevant evidence to support a finding of infringement, particularly if Plaintiffs present inflated damages figures to the jury.  *See Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*, No. 08-343-SLR, 2009 WL 2705932, at *1 n.3 (D. Del. Aug. 26, 2009) (noting "the mischief that lawyers can perpetrate with extravagant damages figures or the hyperbole that can accompany claims of willfulness.").  The prejudice to Defendants from inflammatory willfulness and damages

testimony at trial outweighs any potential prejudice to Plaintiffs from the potential delay of the resolution of damages or willfulness.

Additionally, the posture of this case differs from many cases denying bifurcation because it involves unrelated defendants with separate different, accused products.  While Defendants have worked cooperatively to jointly present their liability defenses, Defendants' interests will likely diverge with respect to damages issues.  At the discovery stage, Defendants would need to take discovery of each other with respect to damages issues.  Defendants would also be forced to provide discovery with respect to commercially sensitive information to their direct competitor defendant.  This discovery would be unnecessary in the likely event that Defendants prevail at the liability phase.  Bifurcating damages would permit Defendants to continue to present a unified and streamlined case on liability issues at trial and avoid unnecessary discovery disputes regarding damages issues.  By first deciding liability, damages issues (if any) could be narrowed to the specific liability findings (e.g., if less than all accused products are found to infringe), limiting or obviating the prejudice to Defendants.

### C.      Bifurcation Will Enhance Juror Comprehension

This case involves highly technical subject matter related to issues of liability.  The preliminary injunction proceedings alone involved testimony from eight different experts.  As explained in Defendants' motion to bifurcate, the infringement and invalidity issues in this case require the jury understand and unwind complex technical concepts and evidence relating to at least pharmacokinetics, pharmaceutical food effects, and pharmaceutical drug formulation, which will need to be applied to the complex legal framework relating to patent infringement and invalidity.  *See, e.g.*. D.I. 198 at 6:14-19, 390:5-12 (Transcript of March 19, 2024 Preliminary

Injunction Hearing) (describing expert declarations as "inscrutable" and setting a one-month schedule for issuing a decision in view of the "difficult issues" and "big record.")

Without bifurcation, the jury will also be required to digest complex economic and commercial issues in the context of the pharmaceutical industry.  Astellas's intention to present multiple damages theories involving lost profits, price erosion, and reasonable royalty significantly heightens the complexity the jury will face.  Bifurcation will undoubtedly ease the burden on the jury of evaluating the numerous complex technical and legal issues present in this case.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain Defendants' objections to the Oral Order (D.I. 311) and order bifurcation of damages and willfulness for discovery and trial.

Dated: September 9, 2024

*Of Counsel*

William R. Zimmerman (Pro hac vice)
Andrea L. Cheek (Pro hac vice)
Matthew S. Friedrichs (Pro hac vice)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
Tel: (202) 640-6400
Bill.Zimerman@knobbe.com
Andrea.Cheek@knobbe.com
Matthew.friedrichs@knobbe.com

Carol Pitzel Cruz (Pro hac vice)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 405-2000
Carol.PitzelCruz@knobbe.com

/s/ *John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for
Defendant/Counterclaimant
Lupin Limited and
Defendant Lupin Pharmaceuticals, Inc.*

**<u>Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Paragraph 5 Certification</u>**

The undersigned counsel certifies pursuant to Paragraph 5 of the Standing Order for

Objections Filed under Fed. R. Civ. P. 72 that the objections raised in Defendants' Objections to

Magistrate Judge Burke's Oral Order (D.I. 311) Denying Defendants' Motion to Bifurcate does

not raise new factual or legal arguments.

/s/ *John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendant/Counterclaimant*
*Lupin Limited and*
*Defendant Lupin Pharmaceuticals, Inc.*
